**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS LUNA-MAGDALENO, AKA Luis Luna Magdaleno, AKA Luis L. Magdaleno, AKA Mario Villa-Mendez, AKA Mario Villo-Mendes, | No.   14-72128 |
| | Agency No. A205-714-432 |
| Petitioner, | |
| v. | MEMORANDUM[*] |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2017[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: WARDLAW and BYBEE, Circuit Judges, and ILLSTON,[***] District Judge.

Luis Luna-Magdaleno ("Luna-Magdaleno"), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Because the BIA conducted a de novo review, "our review 'is limited to the BIA's decision, except to the extent the IJ's opinion [was] expressly adopted.'" *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)). We review de novo the BIA's determination of questions of law. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review the BIA's denial of relief under the CAT for substantial evidence. *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

**1.** The BIA did not err in holding that Luna-Magdaleno was ineligible for asylum for failing to timely file his application. Luna-Magdaleno testified that he entered the United States in 1996, but he did not file his asylum application until

---

[***] The Honorable Susan Illston, United States District Judge for the Northern District of California, sitting by designation.

2

December 2013. The BIA correctly found that Luna-Magdaleno failed to establish "extraordinary circumstances" relating to the delay in filing the asylum application. 8 U.S.C. § 1158(a)(2)(D); *see* 8 C.F.R. § 1208.4(a)(5)(iv); *Vasquez de Alcantar v. Holder*, 645 F.3d 1097, 1098 (9th Cir. 2011).

**2.** The BIA did not err in holding that Luna-Magdaleno failed to demonstrate he was entitled to withholding of removal. *Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010). We need not reach the question whether being a member of the media is a particular social group because Luna-Magdaleno has not shown that he is a member of the media in Mexico. This is because: (1) His primary responsibility was paginating the newspapers and assisting the printer, and if Luna-Magdaleno was targeted, it was only because he had a company I.D. and was handing out newspapers; (2) Luna-Magdaleno has stated he does not plan to work in the media when he returns to Mexico; (3) He did not author any articles from which individuals may be able to tie him to his prior work; and (4) He was around 22 years old when he left Mexico, is around 43 years old now, and has no family in Mexico, so the likelihood he would be recognized is low.

**3.** Finally, substantial evidence supports the BIA's denial of Luna-Magdaleno's CAT claim because he failed to establish it is more likely than not that he will be tortured by or with the consent or acquiescence of the government if

returned to Mexico.  *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 748 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092-94 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED.**